**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS MIRANDA, ) | |
|        Plaintiff, ) | |
| v. ) | 3:10-CV-578-RCJ-VPC |
| ) | **ORDER** |
| KRAGEN AUTO PARTS, ) | |
|        Defendant. ) | |

Currently before the Court is Defendant Kragen Auto Parts's ("Kragen") Motion to Dismiss (#3).  The Court heard oral argument on June 6, 2011.  Plaintiff did not appear.

**BACKGROUND**

Plaintiff filed a complaint in this action on August 2, 2010, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.  On September 17, 2010, Kragen, the only named defendant, removed the case to this Court.

From the allegations asserted in Plaintiff's complaint, it appears that Plaintiff commenced employment with Kragen in April 2005. (Compl. (#1) at 10).  During the course of his employment, Plaintiff alleges he suffered a work-related injury in June 2006.  *Id.*  Plaintiff states that he sustained this injury "arising out of and in the course of his employment with Defendant," and that he "reported the injury to the appropriate personnel."  *Id.*  According to Plaintiff, he suffered additional injuries, or aggravated the same injury, in October 2006, November 2007, and January 2008.  *Id.*  Plaintiff states that based on these injuries he "expressed an intention to seek workers' compensation benefits" and "instituted proceedings to obtain workers' compensation."  *Id.*  Plaintiff claims that he was terminated from Kragen

following his injuries because Kragen would not accommodate Plaintiff's injuries.  *Id.*

Plaintiff alleges that he was discriminated against by Kragen based upon his race and disability "due to [his] work related injury." *Id.* Plaintiff alleges he was discriminated against because he was not provided the same accommodations of "a white non Mexican male with a disability." *Id.* at 11. Plaintiff also asserts that Kragen is liable for breach of contract on the ground that Kragen failed to pay Plaintiff $10,000 under a long term disability insurance contract. *Id.* at 8.  Finally, Plaintiff filed a negligence cause of action against Kragen as a result of his work related injury.

Plaintiff filed a Notice of Charge of Discrimination with the EEOC on October 16, 2009. (Request for Judicial Notice (#4) at 9).  In his charge of discrimination, Plaintiff indicated that he had been discriminated on the basis of sex, religion, national origin, disability and retaliation.  *Id.*  Specifically, Plaintiff stated that he "requested but was denied the reasonable accommodations of a sedentary position with no lifting of more than 15 lbs. and a 4-hour work day." *Id.* Plaintiff stated that he was denied this request, and, as a result, he was unable to work. *Id.*  Plaintiff stated that based on the foregoing, he believed he was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.[1]  *Id.*

On November 13, 2009, the EEOC mailed Plaintiff a right to sue letter.  (Request for Judicial Notice (#4) at 15).  In the right to sue letter, the EEOC stated that it was closing its file on Plaintiff's discrimination claim because his charge was "not timely filed with the EEOC." *Id.*  The letter included a Notice of Suit Rights and stated that Plaintiff had 90 days from the receipt of the notice within which to file any lawsuit on the charges made therein.

Kragen has now filed a motion to dismiss the claims asserted in Plaintiff's complaint. (Mot. to Dismiss (#3)).  According to Kragen, Plaintiff's entire complaint "must be dismissed because his claims either fail as a matter of law, or are simply not cognizable causes of

---

[1] There is no indication in the complaint or otherwise why Plaintiff is asserting claims for discrimination based on sex, religion or national origin.

action." *Id.* at 2. Plaintiff did not file an opposition to Kragen's motion.[2]

**DISCUSSION**

**I. Standard of Review**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009)(internal quotation marks omitted). The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a [pleading] to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(internal quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a court required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Id.* In a

---

[2] Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

motion to dismiss, "[a] court may . . . consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## II. Plaintiff's Claims for Relief

### A. Breach of Contract

Plaintiff's first cause of action is for breach of contract. According to Plaintiff, in May 2005, he and Kragen "entered into a contract in writing" wherein Kragen agreed to provide Plaintiff with long term disability insurance. Kragen allegedly breached that contract when it "failed to pay Plaintiff the sum of $10,000.00 due to Plaintiff . . . although Plaintiff has demanded payment thereof." (Compl. (#1) at 8).

Kragen moves to dismiss this cause of action on the ground that it does not arise from an existing contract between Plaintiff and Kragen. (Mot. to Dismiss (#3) at 3). According to Kragen, it never contracted to provide disability insurance to Plaintiff. Rather, Kragen asserts that any "contract to provide disability payments was entered into by and between third party CIGNA and Plaintiff." *Id.* at 4. Because Kragen had no contract with Plaintiff to provide disability insurance, Kragen argues that this claim must be dismissed.[3]

In this matter, the Court grants the motion to dismiss Plaintiff's breach of contract claim under Rule 12(b)(6). This claim lacks sufficient facts to support a cognizable legal theory. In addition, Kragen has provided evidence that it was not a party to any long term disability insurance contract with Plaintiff.[4]

### B. Negligence

Plaintiff also asserts a claim for negligence as a result of injuries he suffered while

---

[3] In support of its argument, Kragen provides the Court with a copy of an Income Replacement Plan (IRP) Claim Form from CIGNA allegedly related to this matter. Plaintiff's information is filled out in the employee information section, but the form does not appear to be complete. (Request for Judicial Notice (#4) at 5).

[4] Because the Court dismisses all of Plaintiff's federal claims, as further discussed below, the Court declines to exercise supplemental jurisdiction over this state law claim.

working at Kragen. (Compl. (#1) at 9). As noted, Plaintiff asserts that he suffered these injuries "arising out of and in the course of his employment" with Kragen. Plaintiff instituted proceedings for worker's compensation benefits based on these injuries.

Kragen moves to dismiss Plaintiff's negligence claim on the ground that Plaintiff's exclusive remedy is worker's compensation under Nevada law. (Mot. to Dismiss (#3)). According to Kragen, Nevada law clearly provides that worker's compensation is the sole remedy an injured employee has against an employer when the injury results from an accident which arose out of, and in the course of, his employment.

NRS 616A.020(1) provides that the rights and remedies provided in the Nevada Industrial Insurance Act "for an employee on account of an injury by accident sustained arising out of and in the course of the employment *shall be exclusive* . . . of all other rights and remedies of the employee, his or her personal or legal representative, dependents or next of kin, at common law or otherwise, on account of such injury." (Emphasis added). According to the Nevada Supreme Court, the Nevada Industrial Insurance Act ("NIIA") "provides the exclusive remedy for employees injured on the job, and an employer is immune from suit by an employee for injuries 'arising out of and in the course of employment.'" *Wood v. Safeway, Inc.*, 121 P.3d 1026, 1032 (Nev. 2005). Thus, employees are barred from bringing tort claims from alleged injuries arising out of and during the course of employment pursuant to NRS 616A.020. *Id.*

Here, Plaintiff's negligence claim results directly from a work related injury that he asserts "arose out of and in the course of [Plaintiff's] employment" with Kragen. Thus, this claim is barred under Nevada law. Plaintiff's exclusive remedy for negligence in this matter is through the NIIA. The Court grants the motion to dismiss this claim.

**C. Wrongful Termination and Discrimination**

Plaintiff also asserts claims for discrimination and retaliation under federal law. Plaintiff alleges that he was not given a proper accommodation following his injury, and that Kragen is liable for unlawful employment practices including harassment and hostile work environment.

As noted, Plaintiff filed a charge of discrimination with the EEOC on October 2, 2009, alleging discrimination based on race, sex, religion, disability and retaliation. On November 13, 2009, the EEOC dismissed Plaintiff's charge on the ground that it was untimely and issued Plaintiff a right to sue letter. Pursuant to the right to sue letter, Plaintiff had ninety days in which to file a lawsuit based upon his charge. However, Plaintiff did not commence this action until August 2, 2010 - more than 260 days after obtaining his right to sue letter. Based on the foregoing, Kragen moves to dismiss Plaintiff's federal claims on the grounds that they are time barred.

In order to bring a claim under either Title VII or the ADA, a plaintiff must exhaust administrative remedies and sue within 90 days of receipt of a right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)(incorporating Title VII enforcement procedures into the ADA). Here, the right-to-sue letter indicates that it was mailed on November 13, 2009. (Request for Judicial Notice (#4) at 15). Thus, the presumed date of receipt of the notice was November 16, 2009. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n.1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)(granting plaintiff an additional three days for mailing pursuant to Rule 6). However, Plaintiff did not commence this litigation until August 2, 2010. This is well outside the 90-day limit. Thus, the Court grants the motion to dismiss Plaintiff's federal claims because they are time barred.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Kragen's Motion to Dismiss (#3) is GRANTED in its entirety without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 5th day of July, 2011.

_____
United States District Judge